Rockingham, }
April 7, 1908. }

### GOODRICH & a. v. WEBSTER & a.

An agreement between adverse claimants to real estate, entered into for the purpose of compromising their controversy as to title and empowering a third person to sell the land and distribute the proceeds, establishes a trust which is enforceable in equity and irrevocable except with the consent of all the beneficiaries.

WRIT OF ENTRY. Facts agreed. Transferred from the January term, 1907, of the superior court by *Pike*, J.

*Eastman, Scammon & Gardner* and *Willis D. Pulver*, for the plaintiffs.

*G. K. & B. T. Bartlett*, for the defendants.

WALKER, J.    The plaintiffs are the heirs-at-law of Tristram C. Webster, who died in 1905, and the defendant Webster is his widow.    The defendant Littlefield is the administrator, who with the widow is in possession of the premises.    The heirs claimed title under a deed from their grandfather to Tristram, which, upon their construction, gave them the title upon the death of Tristram, unincumbered with any rights in favor of the widow.    On the other hand, the widow claimed dower and homestead in the land. In order to avoid litigation upon this subject, the heirs and the

widow executed under their seals an instrument by which they agreed " to give Albert L. Littlefield power of attorney to sell at public auction the estate of Tristram C. Webster," and also agreed " to the following division of the proceeds after the debts are paid : one third to the widow, Jennie Webster, and the remainder to be equally divided " among the heirs. This agreement was understood by the parties to give Littlefield power to sell the land in question and to provide for the final distribution of the proceeds. It was a compromise of their several adverse claims to the land, and was entered into in consideration of the waiver of their hostile claims of title and to avoid litigation. The consideration was a valuable one, and the contract became binding in law, in the absence of any suggestion of fraud or mistake.

Some days later, the heirs notified Littlefield that they revoked the agreement, and insisted that the widow had no interest in the land. If they are still bound by the agreement, notwithstanding their attempted revocation, the question of title becomes immaterial, so far as these parties are concerned. The plain import of the agreement was that Littlefield should proceed to sell the land at auction and divide the proceeds as stipulated. Upon his obtaining a purchaser therefor, the parties impliedly agreed to execute a conveyance vesting in the purchaser their titles ; and they could be compelled to do so. Before the division of the money, Littlefield would hold it as a trustee for the parties. In effect, the contract amounted to an agreement for the establishment of a trust in settlement of a controversy between the widow and the heirs ; and upon its execution it became enforceable in equity. In *Leach* v. *Fobes*, 11 Gray 506, it was held that specific performance of an agreement of compromise, made upon a controversy concerning the validity of a will, will be decreed in equity, without inquiring into the adequacy of the consideration. The court remark that such an agreement "is of a nature which is entitled to the highest favor at the hands of a court of equity." 2 Sto. Eq. Jur., s. 793 *b*.

The fact that nothing has been done under the agreement which the plaintiffs now seek to rescind does not affect the trust which they established, upon a sufficient consideration. The defendants became entitled to the specific performance of the terms of the agreement : and the plaintiffs' refusal to be bound thereby did not deprive the defendants of that right or change the character of the property as a trust fund. A trust once perfectly established is irrevocable except with the consent of all the beneficiaries. *Minot* v. *Tilton*, 64 N. H. 371. " The rule that a valid agreement to create a trust *in futuro* is sufficient to create a trust *in præsenti*, so as to bind the property in the hands of the parties or those having notice of the agreement, depends on the maxim that ' equity regards that as

done which ought to be done.' It follows, therefore, that where a trust depends entirely on an *agreement* to do something, it depends for its validity on the question whether the agreement is one of which equity would decree specific performance." Und. Tr. 21.

Upon the plainest views of justice and equity, the plaintiffs should not be allowed to repudiate their agreement, and reopen the controversy as to the title of the property, which was adjusted to their satisfaction by the trust arrangement. Equity requires that that controversy be deemed to be settled, and that the stipulations of the parties be carried out. Perry (Trusts, *s.* 95) says: " The authorities establish this proposition: That where there is a valuable consideration the court will enforce the trust, though it is not perfectly created, and though the instruments do not pass the title to the property, if from the documents the court can clearly perceive the terms and conditions of the trust, and the parties to be benefited."

The fact that one of the heirs is a minor, whose guardian signed the agreement for her, may present no difficulty in the final adjustment of the parties' rights. P. S., *c.* 177, *s.* 8; *Woodman* v. *Rowe*, 59 N. H. 453; *Stevens* v. *Meserve*, 73 N. H. 293. The plaintiffs are not entitled to maintain the present action; and in accordance with the terms of the case the order must be,

*Judgment for the defendants.*

All concurred.